IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHERRY FRANZOY and
CARYN ARMIJO,

      Plaintiffs,

vs.                                             Civ. No. 06-832 JP/CEG

BARBARA TEMPLEMAN, in her official capacity
as PRESIDENT OF THE NEW MEXICO INTERIOR
DESIGN BOARD; C. EUGENE LAW, in his official
capacity as VICE-PRESIDENT OF THE NEW MEXICO
INTERIOR DESIGN BOARD; CANDACE JACOBSEN,
in her official capacity as SECRETARY/TREASURER
OF THE NEW MEXICO INTERIOR DESIGN BOARD;
CAROL SHANNON, in her official capacity as PUBLIC
MEMBER OF THE NEW MEXICO INTERIOR DESIGN
BOARD; and ERNEST MARTINEZ, in his official capacity
as PUBLIC MEMBER OF THE NEW MEXICO INTERIOR
DESIGN BOARD,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      On September 9, 2007, Plaintiffs filed an Application for Attorneys [sic] Fees and Costs (Doc. No. 20). Having reviewed the briefs and relevant law, the Court determines that the Application for Attorneys [sic] Fees and Costs should be denied.

*I. Background*

      Both Plaintiffs are interior designers. At the time Plaintiffs filed this lawsuit in September 2006, the New Mexico Interior Designers Act prevented Plaintiffs from advertising their interior design services because Plaintiffs did not hold New Mexico interior design

licenses.[1] Plaintiffs filed this lawsuit under 42 U.S.C. §1983 alleging that the Defendants violated their First Amendment rights to free speech by not allowing them to advertise their interior design services. Plaintiffs sought declaratory and injunctive relief.

The Defendants initially opposed the lawsuit in their answer to the complaint. Then, on November 21, 2006, Defendants filed an unopposed Motion for Interim Order Granting Preliminary Injunction and Staying Proceedings (Motion for Interim Order) (Doc. No. 14). The Defendants moved for a "temporary injunction" and to stay the case through the end of the upcoming session of the New Mexico State Legislature. *Id*. at 1. Defendants acknowledged that the complaint "raised significant issues regarding the constitutionality of certain provisions restricting speech contained in the New Mexico Interior Designers Act." *Id*. at 2. Consequently, Defendants wanted time to seek the amendment of the New Mexico Interior Designers Act "to ameliorate those issues." *Id*. The Honorable United States Magistrate Judge Carmen E. Garza granted the Motion for Interim Order on December 11, 2006. Interim Order Granting Preliminary Injunction and Staying Proceedings (Interim Order) (Doc. No. 16).

In April 2007, New Mexico State Governor Bill Richardson signed into law amendments to the New Mexico Interior Designers Act which removed Plaintiffs' concerns about First Amendment violations. The parties, therefore, filed on August 23, 2007 a Stipulation of Voluntary Dismissal (Doc. No. 19) which terminated this lawsuit. Plaintiffs subsequently filed this motion for attorney's fees and costs under 42 U.S.C. §1988 asserting that they are prevailing

---

[1]The New Mexico Interior Designers Act allowed anyone to "practice" interior design but only permitted persons holding a valid interior design license to use the terms "interior designer" or "interior design." *See* NMSA 1978, §§61-24C-11(A)(1)(1989) and 61-24C-13 (1989). Additionally, unlawful use of the terms "interior designer" or "interior design" could lead to misdemeanor criminal charges. NMSA 1978, §61-24C-11(B).

parties. The Court notes, however, that Plaintiffs' request for costs should have been made under Fed. R. Civ. P. 54(d)(1) because Plaintiffs seek costs which are authorized for recovery by 28 U.S.C. §1920(1) and (4), i.e., the court filing fee and photocopying fees. The Court will, therefore, construe the request for costs as having been made under Rule 54(d)(1).

## II. Discussion

### A. Attorney's Fees

Ordinarily, a prevailing plaintiff recovers reasonable attorney's fees under §1988 unless special circumstances would make an award of attorney's fees unjust. *See, e.g., Browder v. City of Moab*, 427 F.3d 717, 721 (10th Cir. 2005)(quoting *Hensley v.Eckerhart*, 461 U.S. 424, 429 (1983)). The Court determines whether the plaintiff is a prevailing party before deciding if the request for attorney's fees is reasonable or unjust. *See id*. The first issue to be addressed then is whether Plaintiffs are prevailing parties.

"[A] plaintiff 'prevails' 'when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Id*. at 722 (quoting *Farrar v. Hobby*, 506 U.S. 103, 109 (1992)). A prevailing plaintiff must obtain "at least some relief on the merits of his claim" through "an enforceable judgment against the defendant ... or comparable relief through a consent decree or settlement" enforced through a consent decree. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 604 (2001); *Farrar*, 506 U.S. at 111. A party, however, cannot attain "prevailing" status under a catalyst theory for recovery of

attorney's fees.² *Buckhannon*, 532 U.S. at 600.

In addressing the issue of whether they are "prevailing" parties, Plaintiffs note first that they are not seeking attorney's fees under a catalyst theory.  Instead, Plaintiffs argue that the preliminary injunction materially altered the legal relationship between the parties thereby making Plaintiffs prevailing parties.  Plaintiffs cite first to *Browder v. City of Moab*, 427 F.3d 717 (10th Cir. 2005) in support of their argument that they are prevailing parties. In *Browder*, the Tenth Circuit found that the plaintiff qualified as a prevailing party based on the district court's issuance of an injunction which the plaintiff had sought in his complaint.  The district court issued the injunction after holding a bench trial and the district court apparently entered a judgment to that effect.  *Id*. at 719.  *Browder*, however, is easily distinguished from this case because unlike *Browder* where the district court made a final determination on the merits, the parties in this case voluntarily dismissed the case so that there was no final judicial determination on the merits.

In addition, Plaintiffs cite to *Chicano Police Officer's Ass'n v. Stover*, 624 F.2d 127 (10th Cir. 1980) for the broad proposition that a judicial determination on the merits is not required for a plaintiff to be considered a prevailing party.  The Tenth Circuit held in *Chicano Police Officer's Ass'n* that although settlement agreements are not based on a court determination of the merits, settlement agreements can still form a basis for finding that a party prevailed in a lawsuit.

---

²In rejecting the use of a catalyst theory, the United States Supreme Court held in *Buckhannon* that the term "prevailing party" does not include "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." 532 U.S. at 600.  The United States Supreme Court further explained that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change" to alter the legal relationships of the parties.  *Id*. at 605.

*Id*. at 131.  The Tenth Circuit further determined that the district court should have applied a catalyst theory analysis.  *Id*.

      *Chicano Police Officer's Ass'n* is unpersuasive authority for two reasons.  First, subsequent to the Tenth Circuit's decision in *Chicano Police Officer's Ass'n*, the United States Supreme Court in *Buckhannon* explained that "settlement agreements <u>enforced through a consent decree</u> may serve as the basis for an award of attorney's fees."  532 U.S. at 604 (emphasis added).  However, "[p]rivate settlements do not entail the judicial approval and oversight involved in consent decrees to establish a material change in the legal relationships of the parties."  *Id*. at 604 n.7.  Accordingly, only a settlement agreement enforced through a consent decree is considered a final judicial determination on the merits which has materially changed the legal relationships of the parties.  This recent United States Supreme Court explanation of when a settlement agreement can be the basis for deciding "prevailing party" status simply does not support Plaintiffs' general argument that a judicial determination on the merits is not required for a plaintiff to be a prevailing party.  Second, reliance on *Chicano Police Officer's Ass'n* is questionable since *Buckhannon* prohibits the use of catalyst theories in determining whether a plaintiff is a prevailing party.

      On the other hand, the Tenth Circuit has held that "[f]or the purpose of deciding whether a plaintiff is a prevailing party, a preliminary injunction is considered a decision on the merits so long as it 'represents[s] an unambiguous indication of probable success on the merits, and not merely a maintenance of the status quo....'" *Dahlem by Dahlem v. The Board of Education of Denver Public Schools*, 901 F.2d 1508, 1511 (10th Cir. 1990).  In this case, the Interim Order does not contain a preliminary injunction analysis but merely states that it appears "that the Complaint herein has raised significant issues regarding the constitutionality of certain

provisions restricting speech contained in the New Mexico Interior Designers Act...."[3]   Doc. No. 16 at 1-2.   Moreover, because the Motion for Interim Order was not contested, the parties did not provide Judge Garza with any analysis or argument upon which to base a reasoned decision on whether to grant a preliminary injunction.  Also, the purpose of the "temporary injunction," i.e., the preliminary injunction, and the stay of proceedings was to allow the Defendants a limited amount of time to persuade the New Mexico Legislature to amend the New Mexico Interior Designers Act.  *Id*. at 2.  Hence, the parties intended that the preliminary injunction and stay of proceedings would be temporary.  In fact, had the Defendants been unsuccessful in amending the New Mexico Interior Designers Act, it is unclear what course this lawsuit would have taken: settlement, filing of a motion for summary judgment, or eventual trial.  Having considered all of these circumstances, the Court concludes that 1) the Interim Order does not demonstrate "'an <u>unambiguous</u> indication of probable success on the merits'" (emphasis added); and 2) the purpose of the Interim Order was to maintain the *status quo* while the Defendants sought to amend the New Mexico Interior Designers Act.  The preliminary injunction, therefore, cannot be considered "a decision on the merits."   Consequently, Plaintiffs are not prevailing parties who would be entitled to attorney's fees under §1988.

Furthermore, the Court has concerns as to the continued viability of *Dahlem's* holding regarding how preliminary injunctions can sometimes be considered decisions on the merits. The Court recognizes that the United States Supreme Court stated in *Sole v. Wyner*, 127 S.Ct. 2188, 2196 (2007) that they "express no view on whether, in the absence of a final decision on the merits of a claim for permanent injunctive relief, success in gaining a preliminary injunction

---

[3] This statement is taken *verbatim* from the Motion for Interim Order.

Case 1:06-cv-00832-JAP-CG   Document 23   Filed 12/14/07   Page 7 of 8

may sometimes warrant an award of counsel fees." Even so, the United States Supreme Court observed in *Buckhannon* that surviving a motion to dismiss for lack of jurisdiction or for failure to state a legally cognizable claim "is not the type of legal merit" sufficient to give a plaintiff prevailing party status. 532 U.S. at 605. The United States Supreme Court continued, "We have only awarded attorney's fees where the plaintiff has received a judgment on the merits, or obtained a court-ordered consent decree-we have not awarded attorney's fees where the plaintiff has secured the reversal of a directed verdict, or acquired a judicial pronouncement that the defendant has violated the Constitution unaccompanied by 'judicial relief.'" *Id.* at 605-06. In light of the United States Supreme Court's statements in *Buckhannon,* it seems likely that merely "assess[ing] the probability of the plaintiff's ultimate success on the merits" during the preliminary injunction stage of a case, *Sole*, 127 S.Ct. at 2195, would also not result in the "type of legal merit" which would justify finding that a plaintiff is a prevailing party.

   *B. Costs*

Plaintiffs also seek costs consisting of the court filing fee and photocopying fees. Rule 54(d)(1) allows an award of these kinds of costs "to the prevailing party." *See* 28 U.S.C. §1920(1) and (4). Because the Court has determined that Plaintiffs are not prevailing parties, Plaintiffs are likewise not entitled to an award of costs under Rule 54(d)(1).

   IT IS ORDERED that Plaintiffs' Application for Attorneys [sic] Fees and Costs (Doc. No. 20) is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE